IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAHIM BOUMAKH,<br><br>  Plaintiff,<br><br>  v.<br><br>WELLS FARGO BANK, N.A.,<br><br>  Defendant. | Case No. 25-cv-04882-CRB<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION; DISMISSING CASE** |

Plaintiff Brahim Boumakh, proceeding pro se, brought an action on behalf of himself and his companies (Digital-Wireless Telecom, Inc., Nano-TechPower, Inc., and Digital-Trade U.S.A. (Digital UNI)) against Wells Fargo Bank. Compl. (dkt. 1). Boumakh seeks claims for (1) breach of fiduciary duty, (2) negligence and gross negligence, (3) fraud, (4) violation of consumer protection laws, such as the Electronic Fund Transfer Act ("EFTA") and the Fair Credit Reporting Act ("FCRA"), and (5) intentional interference with prospective economic advantage. Id. 5–7 (¶¶ 10–14). His allegations stem from Wells Fargo closing his business accounts, which he claims affected major contracts and federally supported grant initiatives. Id. 4 (¶ 6–10). Boumakh alleges he is entitled to $100 million in actual damages for financial losses, $500 million in punitive damages, $2 million in reputational damages, and injunctive relief to reinstate his accounts. Id. 7–8 (¶¶ 15–16).

Magistrate Judge Laurel Beeler screened the complaint and identified a host of deficiencies that warranted dismissal. Screening Order (dkt. 11). Judge Beeler noted the complaint's lack of factual allegations to support Boumakh's claims, including facts establishing venue. Id. at 2. When Judge Beeler gave Boumakh the opportunity to amend

his complaint to remedy the deficiencies, he filed an amended complaint. YouTube Complaint (dkt. 15). But this new complaint was brought on the behalf of a new plaintiff (Hizb El-Hirak, a Peaceful Political Organization), with new claims (defamation, breach of contract, and tortious interference with political communications), and against a new defendant (YouTube, LLC). See id. After a review of this second complaint, Judge Beeler issued a Report and Recommendation to dismiss the case. R&R (dkt. 18). Judge Beeler reasoned that, even if the amended complaint was related to the original, there was a lack of subject-matter jurisdiction over all the claims against YouTube due to a lack of federal law at issue and diversity. Id. at 2. And the prior deficiencies in the original complaint remained unaddressed. Id. Boumakh did not file an objection to the Report and Recommendation.

The Court now adopts Judge Beeler's Report and Recommendation and dismisses the action.

Judge Beeler recommended dismissal due to a lack of facts to support venue. Screening Order at 4. The Court agrees. The original complaint only vaguely alleged what happened regarding Boumakh's business accounts and is completely silent as to where the events happened. See Compl. at 4 (¶¶ 6–10). Further, there is some confusion as to where Boumakh resides. His complaint included a Virginia address, see id. at 10, while his address on the docket is in Santa Monica, CA, see Docket. Regardless, neither address is in the Northern District of California. Accordingly, Boumakh does not provide any information that clarifies whether this District is the appropriate venue.

Judge Beeler also noted the complaint fails to allege sufficient facts for its claims. Screening Order at 9. The Court is in accord with Judge Beeler. Boumakh alleges two federal claims—under the EFTA and the FCRA. The EFTA has a host of steps to identify a qualifying error under the statute, such as investigation and consumer reporting, but the complaint does not mention any of them or what Wells Fargo did to violate the statute. See In re Bank of Am. Cal. Unemployment Benefits Litig., No. 21MD2992-GPC(MSB), 2024 WL 3174380, at *3 (S.D. Cal. June 25, 2024) (describing statutory framework and

scheme); see also Compl. at 4 (¶¶ 6–10). The complaint likewise fails to raise allegations supporting an FCRA claim. The FCRA also has specific steps for consumer reporting that, if not followed, may give rise to a private right of action for both negligent and willful noncompliance. Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1153 (9th Cir. 2009). None of this is mentioned in the complaint. See Compl. at 4 (¶¶ 6–10).

    Judge Beeler also determined that there were two issues with Boumakh's state law claims: a potential lack of diversity jurisdiction and a failure to state claims. Screening Order at 8–9. The Court agrees. For diversity jurisdiction, the main issue with the complaint—aside from the lack of clarity into Boumakh's residence—is the amount-in-controversy. On paper, Boumakh seeks over $500 million in damages, which would easily satisfy the amount-in-controversy threshold of $75,000. Compl. 7–8 (¶¶ 15–16). But the Court doubts this number was alleged in good faith as Boumakh offers no allegation to support it outside of conclusory statements. See Kamath v. PayPal, Inc., No. 5:23-cv-03636-EJD, 2023 WL 9233496, at *1 (N.D. Cal. Dec. 1, 2023) (citing Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 87 (2014)). Consequently, without federal claims, Boumakh fails to show why this Court would have diversity jurisdiction.

    As to the state law claims themselves, the complaint fails to state them. As Judge Beeler identifies, the relationship between a bank and its depositor is founded in contract, meaning it is not fiduciary in character. See Screening Order at 8; see also Simi Mgmt. Corp. v. Bank of Am., N.A., 930 F. Supp. 2d 1082, 1100 (N.D. Cal. 2013) ("A bank has limited duties to its customers. The relationship between the two is not fiduciary, but rather is contractual in nature."). This dooms Boumakh's fiduciary duty claim. Similarly, Boumakh's negligence claim fails because banks do not generally owe borrowers a duty of care and there is no allegation there was a special relationship to create such a duty. See, e.g., Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1095–96 (1991). Boumakh also fails to allege any elements of tortious interference with prospective economic advantage, such as the existence of an economic relationship between the plaintiff and a third party or the defendant's intentional act to disrupt the relationship. See

O'Connor v. Uber Techs., Inc., 58 F. Supp. 3d 989, 996 (N.D. Cal. 2014).  Lastly, the complaint is devoid of any allegation regarding the elements of fraud, let alone alleging them with particularity.  See Lazar v. Super. Ct., 12 Cal. 4th 631, 638 (1996); Fed. R. Civ. P. 9(b).

Moreover, Judge Beeler correctly determined that Boumakh's amended complaint fails to show this Court has subject-matter jurisdiction over his claims against YouTube.  R&R at 2.  None of the claims is federal.  28 U.S.C. § 1331.  And by representing that he resides in Santa Monica and that YouTube is headquartered in San Bruno, CA, Boumakh himself demonstrates why there is no diversity of citizenship.  See YouTube Complaint at ¶¶ 17, 19; see also Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996) (requiring complete diversity).

For the foregoing reasons, the Court **DISMISSES** Boumakh's complaint.  He may refile without prejudice in another forum.

**IT IS SO ORDERED.**

Dated: December 8, 2025

_____
CHARLES R. BREYER
United States District Judge